UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| JAMES L. PARKER, | ) | |
| | ) | |
|    *Petitioner,* | ) | |
| | ) | |
| v. | ) | 2:09-cv-98 |
| | ) | *Greer/Inman* |
| HOWARD CARLTON, Warden, | ) | |
| | ) | |
|    *Respondent.* | ) | |

## MEMORANDUM and ORDER

Proceeding *pro se*, James L. Parker brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement under his 2008 Tennessee cocaine-related convictions. Petitioner's motion to proceed *in forma pauperis* is **GRANTED**, [Doc. 1], and the Clerk is **DIRECTED** to serve a copy of the petition, its attachments and this order on respondent and the Attorney General for the State of Tennessee. However, no answer will be required because this petition will be dismissed *sua sponte*.

Citing to the Interstate Agreement on Detainers Act (IADA) and *New York v. Hill*, 528 U.S. 110 (2000), petitioner claims, as his sole ground for relief, that the Tennessee authorities waived jurisdiction over him when they surrendered him to Virginia officials to dispose of pending criminal charges in that state. Thus, according to petitioner's lights, the Tennessee courts had no power to try him for the cocaine offenses when he was returned to this state following the disposition of the Virginia charges. In support of his claim, petitioner has attached copies of Form VI of the IADA, authorizing agents for the State of Virginia to take custody of petitioner, who then was confined in the Sullivan County Jail. The form identified March 25, 2008, as the date he would be taken into custody and returned to Virginia for trial or arraignment. Petitioner has also submitted copies of his

Sullivan County Criminal Court judgment reflecting that he was sentenced for a cocaine offense in that court on September 2, 2008. He asks that respondent relinquish jurisdiction and custody of his body, that the Court set a hearing on the matter, and that he be afforded any and all relief deemed necessary.

It is well-settled, however, that petitioner cannot seek a writ of habeas corpus until he demonstrates that he has exhausted his available state remedies or that resort to them would be useless. 28 U.S.C. §2254 (b)(1); *Preiser v. Rodriquez*, 411 U.S. 475 (1973). It is a petitioner's burden to establish exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has failed to raise this IADA-related jurisdictional issue in any state court because the face of the petition indicates that he has never pursued any avenue of relief in the state courts whatsoever. He, therefore, has not exhausted the remedies available to him in Tennessee.

Even so, a § 2254 application may be denied on the merits, despite a petitioner's failure to exhaust the remedies available in the state courts. 28 U.S.C. §2254 (b)(2). "[I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition...." *Granberry v. Greer*, 481 U.S. 129, 135 (1987). That petitioner has failed to state a colorable claim for relief is crystal clear in this case.

The IADA is an agreement entered into by forty-eight states (including Tennessee and Virginia), the District of Columbia, and the federal government, which establishes procedures for resolving one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner. *Hill*, 528 U.S. at 111. The IADA is "'a congressionally sanctioned interstate compact'" within the

2

Compact Clause of the Constitution and is, therefore, a federal law. *Id.* A signatory state seeking to bring charges or try a prisoner in another state's custody triggers the IADA procedures by filing a detainer—"a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 717, 719 (1985) (citing *Cuyler v. Adams*, 449 U.S. 433, 436 n.3 (1981)).

Petitioner may seek habeas review to challenge violations of federal law, such as the IADA, when a specific type of error occurs (i.e., "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure") *Hill v. United States,* 368 U.S. 424, 428 (1962).

Article I of Tenn. Code. Ann. § 40-31-101 (Tennessee's enactment of the IADA) states the rationale underlying the legislation: "[D]etainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial *of persons already incarcerated in other jurisdictions*, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." *Id*. (emphasis in original). In other words, the IADA applies to a person who "has entered upon a term of imprisonment in a penal or correctional institution of a party state." *Ibid.*

In *United States v. Roberts*, 548 F.2d 665 (6th Cir.1977), the Sixth Circuit ruled that the IADA does not apply to persons in custody awaiting trial because a pretrial detainee has not begun his "term of imprisonment" within the meaning of the IADA. *Id.* at 669-71. The documents appended to the petition indicate that the IADA did not even apply to petitioner at the time the Tennessee officers released him to the custody of the Virginia agents because, as of that date [i.e., March 25, 2008], he had not had a sentence imposed in Tennessee for a cocaine offense and,

3

therefore, could not have embarked on his term of imprisonment, within the meaning of the IADA. *See Smith v. Elo* 23 Fed.Appx. 310, 315 (6th Cir. Oct. 5, 2001) (citing *Roberts*).

"[H]abeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill,* 368 U.S. at 428). The Sixth Circuit has held that alleged IADA violations are not cognizable under Section 2254, absent exceptional circumstances. *Metheny v. Hamby*, 835 F.2d 672 (6th Cir. 1987) (finding that the violation of a provision of the IADA is not a fundamental defect cognizable in federal habeas corpus proceeding absent exceptional circumstances). *See also Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988). Petitioner's run-of-the-mill temporary release to Virginia agents on March 25, 2008, to which the IADA did not even apply, does not qualify as an exceptional circumstance and is not a recognizable claim under habeas corpus jurisprudence.

An appropriate order will be entered in accordance with this analysis.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4